## PITTSBURGH RY. CO. v. CLUFF.

(Circuit Court of Appeals, Third Circuit. January 17, 1907.)

### No. 37.

STREET RAILROADS—INJURY TO PERSON ON TRACKS—CONTRIBUTORY NEGLIGENCE.

A plaintiff who, after seeing a street car approaching while he was still upon the sidewalk, started to cross a curved track which led into a cross street without again looking, and was struck by the car and injured, was chargeable with contributory negligence as matter of law, and cannot recover for the injury; nor is he relieved from such negligence by the fact that there was another track, which went straight ahead past the corner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 207, 208.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

James C. Gray, for plaintiff in error.

Thomas M. Marshal, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

DALLAS, Circuit Judge. The defendant in error brought an action against the plaintiff in error to recover damages for personal injuries to the plaintiff below, caused by his having been struck, while crossing one of the streets of the city of Pittsburgh, by an electric railway car operated by the defendant below. At the close of the trial the court was requested to charge, that "under all the evidence the verdict must be for the defendant"; and the refusal of this request, amongst other things, is here assigned for error.

It may be assumed that the defendant's servants were not as careful as they should have been, for we rest our decision solely upon the ground that it was conclusively shown that the proximate and decisive cause of the accident was lack of ordinary prudence upon the part of the plaintiff himself. There was no conflict of evidence. The defendant offered none. By the plaintiff's own testimony it plainly appeared that while he was still upon the sidewalk he saw the car coming. He did not wait, however, nor look again, but stepped directly in front of it. It was moving rapidly—perhaps too rapidly; but he realized this, and therefore should have been especially careful. He did not know that it would leave the straight track and follow the curve by which it reached the point at which he was struck; but the curved track was as plainly within his view as the straight one, and there was nothing to justify him in proceeding upon the assumption that the car would not make the turn. In short, there was no support whatever for any inference other than that the accident was directly due to the plaintiff's own heedlessness, and consequently the binding instruction for which the defendant asked ought to have been given.

The judgment is reversed.